UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 16-349 (MAS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| JESSE J. HOLOVACKO, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Jesse J. Holovacko's ("Defendant") application for an order granting Defendant bail pending appeal. (ECF No. 73.) The United States of America (the "Government") filed opposition. (ECF No. 75.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.[1] For the reasons stated below, Defendant's application is DENIED.

I. **BACKGROUND**

The Court writes solely for the parties and sets forth the facts only as necessary to determine whether the instant application should be granted. The Court incorporates the factual background set forth in its July 26, 2017 Memorandum Opinion. (July 26, 2017 Mem. Op. ("Prior Opinion") 1-2, ECF No. 62.) Defendant was indicted on six counts of wire fraud and one count of investment advisor fraud. (*Id.* at 1.) On April 28, 2017, at the conclusion of the trial, a jury returned a guilty verdict on all seven counts. (*Id.*) During its case, the Government called as a witness Jeremy

---

[1] Local Civil Rule 78.1 is applicable to this matter through Local Criminal Rule 1.1.

Hutson ("Witness"), the Senior Vice President/Senior Internal Investigator for Bank of America Merrill Lynch ("Merrill Lynch"). (*Id.*) The Government asked the Witness about an investigation he conducted at Merrill Lynch and the investment accounts of Defendant and Stanley Klimek (the "Client"). (*Id.* at 2.)

In his motion for a new trial, Defendant challenged the testimony of the Witness as improper lay opinion testimony in violation of Federal Rule of Evidence 701 ("Rule 701"). (*Id.* at 3.) In opposition, the Government asserted that: (i) the Witness's testimony was admissible and complied with Rule 701; and (ii) even if the testimony was improper, Defendant did not demonstrate that the testimony was unduly prejudicial or that it had a substantial influence on the jury's deliberations and the outcome of the trial. (*Id.* at 3-4.)

On July 27, 2017, the Court denied Defendant's motion for a new trial.[2] (*Id.* at 7-8.) The Court ruled that the Witness possessed the requisite personal knowledge to render his opinion admissible under Rule 701, and even if the Court erred in admitting the Witness's testimony, the error was not prejudicial or substantial enough to warrant a new trial. (*Id.*)

On October 25, 2017, Defendant was sentenced to a term of imprisonment of thirty-seven months on each count, to be served concurrently. (Judgment, ECF No. 68.) Defendant obtained an adjournment of his original surrender date and is currently required to surrender on January 2, 2018. (Nov. 14, 2017 Order, ECF No. 72.)

## II. <u>LEGAL STANDARD</u>

The Bail Reform Act governs whether a defendant should be granted bail pending appeal. 18 U.S.C. § 3143(b)(1).[3] The statute creates a presumption of detention of a defendant who has

---

[2] The Court also denied Defendant's motion for a judgment of acquittal. (Mem. Op. 8-9.)

[3] The statute provides, in pertinent part, that a defendant must demonstrate:

2

been found guilty and sentenced. *Id.* In order to overcome this presumption, the Third Circuit has stated that a defendant must demonstrate:

> (1) that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to the defendant on appeal that decision is likely to result in reversal of his conviction or an order for a new trial[.]

*United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985).

A question raised on appeal is "substantial" if the court finds "the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.* at 23. A defendant "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *United States v. Smith*, 793 F.2d 85, 88-89 (3d Cir. 1986) (citation and quotation omitted). A substantial question, however, may be "considered harmless, to have no prejudicial effect, or to have been insufficiently preserved;" therefore, "[a] court may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Miller*,

---

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
   (i) reversal,
   (ii) an order for a new trial,
   (iii) a sentence that does not include a term of imprisonment, or
   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

3

753 F.2d at 23.

"[O]n appeal, in general, evidentiary rulings are reviewed for abuse of discretion, as '[t]he admission or exclusion of evidence is a matter particularly suited to the broad discretion of the trial judge.'" *United States v. Onyenso*, Crim. No. 12-602, 2015 WL 3761889, at *3 (D.N.J. June 16, 2015) (quoting *United States v. Casoni*, 950 F.2d 893, 902 (3d Cir. 1991)). The Third Circuit "exercise[s] plenary review, however, of [the district court's] rulings to the extent they are based on a legal interpretation of the Federal Rules of Evidence." *Onyenso*, 2015 WL 3761889, at *3 (quoting *United States v. Caldwell*, 760 F.3d 267, 274 (3d Cir. 2014)).

### III. DISCUSSION

#### A. The Parties' Arguments

Defendant's application is based on two grounds: (i) during the Government's direct case, the Witness's allegedly improper and prejudicial lay opinion testimony was not founded upon his personal knowledge; and (ii) the defense purportedly did not receive material impeachment evidence in Merrill Lynch's files. (Def.'s Ltr. Br. 1, ECF No. 73.) Defendant argues that the Government did not disclose the entire Merrill Lynch investigation file to Defendant and, therefore, limited his ability to impeach the Client and challenge the Government's assertion that the Client was an unsophisticated investor. (*Id.* at 5.) On April 26, 2017, defense counsel received discovery that contained, according to Defendant, e-mail correspondence from Defendant stating that the Client had $2 million in assets to be brought to Merrill Lynch. (*Id.*) Thus, Defendant argues that Merrill Lynch and/or the Government have more documents regarding the Client's assets, the Client's "familiarity with investing," and documents authored by Defendant. (*Id.* at 5-6.) Defendant asserts that the key question is whether the Government was obligated to obtain these Merrill Lynch documents prior to trial. (*Id.* at 6.) Defendant claims that although Merrill

4

Lynch "acted as a proxy for law enforcement," the Government did not disclose, and may not have obtained, the entire contents of the Merrill Lynch investigation file. (*Id.*)

In opposition, the Government argues that: (i) the inclusion of the Witness's testimony was proper and even if it was admitted in error, the inclusion was harmless and not prejudicial; therefore, the testimony does not raise a substantial question of law or fact likely to result in reversal, new trial, or reduced sentence; and (ii) the Government did not withhold impeachment evidence. (Gov't's Ltr. Br. 1, 6-7, ECF No. 75.) With respect to the second point, the Government argues that as a threshold matter, Defendant is raising this issue now as a delay tactic, given that he did not object to the timing of the disclosure of documents in his post-trial motion for a judgment of acquittal and new trial. (*Id.* at 11 n.7.) Additionally, the Government contends that: (i) it did not have possession or constructive possession of the documents at issue before trial, and disclosed the documents to defense counsel when they became available; (ii) it was not required to obtain the documents prior to trial; (iii) the lone document cited by Defendant is not proper impeachment material because the statement within the e-mail correspondence was made by Defendant, not the Client; and (iv) had the Government used the documents in its rebuttal case, the documents would have damaged Defendant's credibility. (*Id.* at 8-9.)

### B.  Analysis

The Government does not contend that Defendant is a risk of flight or a danger to the community and the briefing from both sides focuses on whether the questions raised are substantial. The Court, therefore, begins its analysis here. *See United States v. Horvath*, Crim. No. 15-0400, 2017 WL 4074282, at *3 (D.N.J. Sept. 13, 2017) (commencing the Court's analysis at this prong). The Court finds that the questions raised on appeal regarding the propriety of the Witness's testimony and the Merrill Lynch file are not substantial, and even if the issues were

resolved in favor of Defendant on appeal, their resolutions would not result in reversal, an order for a new trial, or reduced sentence. As set forth in the Court's Prior Opinion, the Witness's testimony complied with Rule 701—the issue here is neither "novel" nor "fairly doubtful." Moreover, as the Court has already held, even if the admission of the Witness's testimony was erroneous, the admission was harmless. Again, as set forth in the Court's Prior Opinion, the testimony at issue was brief and in response to a single question, the evidence of Defendant's guilt was overwhelming, and the Government did not rely on the Witness's testimony in its summation.

With respect to the second ground for Defendant's application, no substantial question is at issue. The Witness previously certified that "[l]aw enforcement authorities did not participate in and had no involvement in the internal investigation" at Merrill Lynch (Hutson Aff. ¶ 3, ECF No. 29) and the Court relied on this certification in its denial of Defendant's motion to suppress (Feb. 17, 2017 Order, ECF No. 31). The Government obtained the documents at issue during the trial on April 26, 2017, and provided them to the defense immediately. (Apr. 27, 2017 Tr. 7:10-8:10, ECF No. 56.) The Government was not in possession or constructive possession of the documents prior to trial, and was not required to obtain the entire investigation file from Merrill Lynch for production to the defense. See Fed. R. Crim. P. 16(a)(1). Finally, Defendant's receipt of the documents during trial was not prejudicial. Defendant highlights one e-mail message as an example of purported impeachment evidence; however, because this e-mail message does not contain a statement made by the Witness, the Witness cannot be impeached by any prior inconsistent statement. Moreover, Defendant already knew the value of the Client's assets, given that he was the author of the message in question (Def.'s Ltr. Br., Ex. A) and on April 13, 2017, the Government provided defense counsel with an electronic Merrill Lynch "Account Setup" form that contained Defendant's description of the Client's assets (Gov't's Ltr. Br., Ex. 2).

## IV. CONCLUSION

For the reasons set forth above, Defendant's application for an order granting bail pending appeal (ECF No. 73) is DENIED. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Date: December 28, 2017